NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS INTERNATIONAL UNION LOCAL 5 OF NEW JERSEY PENSION AND ANNUITY FUNDS, | : : : : : | |
| Petitioner, | : : | Civ. No. 07-2562 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| JOCANZ, INC., | : : | |
| Respondent. | : : | |

**Brown, Chief Judge**

This matter comes before the Court upon Bricklayers and Allied Craftworkers International Union Local 5 of New Jersey Pension and Annuity Funds' ("Petitioner" or "Funds") Petition to Confirm an Arbitration Award against Jocanz, Inc. ("Respondent" or "Jocanz"). The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Petitioner's motion.

**I.      BACKGROUND**

This matter arises out of a collective bargaining agreement ("CBA") to which Petitioner and Respondent are signatories. (Pet. ¶¶ 3, 7.) Petitioner is a trust fund within the meaning of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and an employee pension benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(2), (37). (*Id*. at ¶ 3.) Under the CBA, Respondent (i) is obligated to make contributions to the Funds; and (ii) agrees to be bound by the terms and provisions of the

Agreements and Declarations of Trust ("Trust Agreements") which created the Funds. (*Id*. at ¶ 8, Ex. A.) The Trust Agreements authorized the adoption of a Policy and Procedure for the Collection of Delinquent Contributions and Payroll Audits (the "Policy"), which, in turn, provided for the appointment of an arbitrator to resolve disputes relating to the Funds. (*Id*. at Ex. A.)

Petitioner alleges that Respondent has failed to make contributions to the Funds as required under the CBA. (*Id*. at ¶ 10.) Pursuant to the Policy, Petitioner appointed an arbitrator to hear the matter. (*Id*. at Ex. A.) A hearing was held on December 11, 2006 before Regina C. Reardon, Esq. (the "Arbitrator"). (*Id*. at ¶ 10, Ex. A.) No representative from Respondent appeared at the hearing. (*Id*. at Ex. A.)

On February 20, 2007, the Arbitrator issued an opinion finding that Petitioner had provided: (i) "credible documentary and testimonial evidence that [Respondent] owe[d] the Funds $13,831.19 in delinquent contributions and $923.65 in interest;" and (ii) "credible testimonial evidence that the Funds have incurred attorneys fees in the amount of $255 in prosecuting this delinquency matter." (*Id*.) The Arbitrator also found that Petitioner was entitled to liquidated damages pursuant to ERISA in the amount of $2,766.24. (*Id*.) Accordingly, the Arbitrator awarded Petitioner a sum of $17,776.08. (*Id*.) Petitioner alleges, however, that it has yet to receive said funds from Respondent. (*Id*. at ¶ 13.) Consequently, Petitioners filed a petition on June 1, 2007 seeking an Order compelling Respondent to disburse the funds awarded by the Arbitrator. Respondent did not file any opposition to the petition.

## II.     DISCUSSION

The entry of judgement by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act ("FAA").  That section provides, in relevant part, that:

> [i]f the parties in their agreement have agreed that a judgement of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to [a] court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.  Section 10 of the FAA, in turn, provides that the district court may only vacate an arbitrator's award:

> (1) where [it] was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

"District courts have very little authority to upset arbitrators' awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995); *see also Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 261 F. Supp 832, 835 (D.N.J. 1966) ("It is the general rule that the courts will refuse to review the merits of an arbitration award."), *aff'd* 397 F.2d 594 (3d Cir. 1968).  "Only when an arbitrator 'acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's

determination,' may a district court invade the province of the arbitrator." *United Transp. Union Local 1589*, 514 F.3d at 380 (quoting *United Indus. Workers v. Gov't of the Virgin Is.*, 987 F.2d 162, 170 (3d Cir. 1993)); *see also News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) ("[O]nly where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award.") (internal quotation omitted).

The Court finds the record in the case at bar entirely consistent with the Arbitrator's conclusion that Respondent failed to make the required contributions to the Funds. Indeed, the Arbitrator's February 20, 2007 opinion reveals that she thoroughly reviewed all of the evidence presented at the hearing and reasonably concluded that Respondent owed the Funds an amount totaling $17,776.08. (Pet. Ex. A.) In light of Respondent's failure to oppose Petitioner's motion,[1] and this Circuit's policy of upholding arbitration awards, the Court hereby compels Respondent to comply with the Arbitrator's February 20, 2007 order and award.

---

[1] Service of process for an application to confirm an arbitration award under the FAA requires that "[n]otice of the application . . . be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9. U.S.C. § 9. The record indicates that copies of the Petition were mailed to Respondent by certified mail, return receipt requested, pursuant to Federal Rule of Civil Procedure 5(b). (Docket Entry No. 2.) Respondent's failure to appear before this Court does not, therefore, call into question the validity of this Court's decision.

**III.    CONCLUSION**

For the foregoing reasons, the Court will grant Petitioner's motion.  An appropriate form of Order accompanies this Memorandum Opinion.

Dated:  June 25, 2007

  s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
